IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06cr448

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| ) | |
| JERONZA THORNE ) | |
| _____ ) | |

**THIS MATTER** is before the Court upon motion of the defendant for review of detention. (Doc. No. 15).

The defendant pled guilty to Count One of the indictment on April 5, 2007, charging unlawful possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g). (Doc. No. 13: Plea Agreement; Doc. No. 14: Acceptance and Entry of Guilty Plea). Thus, the defendant has been found guilty and is awaiting imposition of sentence for an offense described in subparagraph (A) of subsection (f)(1) of 18 U.S.C. § 3142. United States v. Dillard, 214 F.3d 88 (2d Cir. 2000) (§ 922(g) offense is a "crime of violence" for purposes of Bail Reform Act)).[1] Pursuant to § 3143(a)(2), the defendant shall be detained unless the Court finds a substantial likelihood that a motion for acquittal or new trial will be granted; or an attorney for the government has recommended that no sentence of imprisonment be imposed; and the Court finds by clear and convincing evidence the person is not likely to flee or pose a danger to any

---

[1] District courts in the Fourth Circuit have reached the same conclusion. See. e.g. United States v. Powers, 318 F. Supp. 2d 339 (WDVA 2004); United States v. Chappelle, 51 F. Supp. 703 (E.D. Va. 1999); United States v. Spry, 76 F. Supp. 719 (S.D.W.V. 1999); United States v. Aiken, 775 F. Supp. 855 (D. Md. 1991).

other person or the community. 18 U.S.C. § 3143(a)(2)(A)(i), (ii) and (B).

Upon review of the record, even in a light most favorable to the defendant, the Court finds the defendant has not alleged or established that there is a substantial likelihood that a motion for acquittal or new trial will be granted or that an attorney for the government has recommended that no sentence of imprisonment be imposed. Thus, the Court is obligated by the statute to detain the defendant because the prerequisites for release have not been met.[2] Id.

**IT IS, THEREFORE, ORDERED** that the defendant's motion is **DENIED**.

The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, to the United States Attorney, the United States Marshals service, and the U.S. Probation office.

Signed: November 2, 2007

Robert J. Conrad, Jr.
Chief United States District Judge

---

[2] The defendant argues that his "Fourth Amendment right to Due Process" may have been violated by the length of time between entry of his plea and sentencing. (Doc. No. 15: Motion at ¶ 5). The defendant has not provided any legal support for his position, nor has he established any prejudice from the delay.