IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09cv204-1-C
3:06cr448-C

|  |  |  |
|---|---|---|
| JERONZA THORNE, | ) | |
| Petitioner, | ) | |
| v. | ) | ORDER |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

**THIS MATTER** comes before the Court for an initial review of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence. (Doc. No. 1).

**I. PROCEDURAL HISTORY**

On December 19, 2006, Petitioner was charged in a three-count Bill of Indictment. The Indictment charged Petitioner with possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1); knowingly stealing a firearm in violation of 18 U.S.C. § 924(l); and possessing a stolen firearm in violation of 18 U.S.C.§§ 922(j) and 924(a)(2). (Case No. 3:06cr448, Doc. No. 1). On March 22, 2007, the parties filed a plea agreement with the Court. (Case No. 3:06cr448, Doc. No. 13). On April 5, 2007, Petitioner, pursuant to the terms of his plea agreement, entered a guilty plea to Count One at his Rule 11 hearing. (Case No. 3:06cr448, Doc. No. 14: Acceptance of Guilty Plea). On May 15, 2008, this Court sentenced Petitioner to 72 months' imprisonment and three years' supervised release. Judgment was entered on May 28, 2008. (Case No. 3:06cr448: Doc. No. 21). On June 2, 2008, Petitioner filed a Notice of Appeal. (Case No. 3:06cr448: Doc. No. 23). On March 16, 2009, the United States Court of Appeals for the Fourth Circuit affirmed Petitioner's sentence and

conviction. United States v. Thorne, 318 F. App'x 170 (unpublished).

On May 15, 2009, Petitioner timely filed the instant Motion to Vacate, Set Aside, or Correct Sentence. (Doc. No. 1). In his Motion to Vacate Petitioner alleges that he received ineffective assistance of counsel. More specifically, Petitioner alleges that his counsel was ineffective for failing to show that he "did not receive 'sentences' as required under 4A1.(2) and 4A1.(a)(2) to enhance his criminal history points but instead only received one 'sentence.'" (Doc. No. 1 at 4). Petitioner also alleges that his counsel was ineffective for failing to show that his "criminal history does not meet the criteria to enhance his sentence under 2K2.1(a)(1) . . . ." (Doc. No. 1 at 5).

## II. DISCUSSION

### A. Initial Review Authority

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings," in order to determine whether a petitioner is entitled to any relief. If the motion is not dismissed after that initial review, the district court must direct the government to respond. Id. However, the district court may summarily deny and dismiss a petitioner's motion "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief . . . ." Id. Following this directive, the Court has reviewed Petitioner's Motion to Vacate and the pertinent record evidence. As hereafter explained, such review clearly establishes that Petitioner is not entitled to habeas relief.

### B. Ineffective Assistance of Counsel

To establish a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by such constitutionally deficient representation. Strickland v. Washington, 466 U.S. 668,

2

687-91 (1984); see also Fields v. Attorney Gen. of State of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992). In measuring counsel's performance, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Furthermore, as movant, a petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297 (citing Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983)).

To meet this burden, a petitioner must demonstrate not only "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," but also that "the result of the proceeding was fundamentally unfair or unreliable." Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Strickland, 466 U.S. at 694 and Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). Because Petitioner's claim of ineffective assistance attempts to challenge issues addressed at his sentencing, he must, at a minimum, allege facts which establish that his "sentence would have been more lenient" absent counsel's errors. Royal v. Taylor, 188 F.3d 239, 248-49 (4th Cir. 1999). If a petitioner fails to demonstrate prejudice, a "reviewing court need not consider the performance prong." Fields, 956 F.2d at 1297 (citing Strickland, 466 U.S. at 697).

Petitioner asserts in his Motion to Vacate that his counsel was ineffective for failing to challenge the Court's finding at sentencing that Petitioner's January 2001 and June 2001[1] state-court convictions were separate convictions for purposes of §§ 2K2.1 (offense level) and 4A1.2 (criminal history) of the United States Sentencing Guidelines. Petitioner's claims fail for at least two reasons.

First, a review of the record reveals that Petitioner's counsel did in fact raise and vigorously argue both of these issues prior to and at sentencing, advancing the same arguments that Petitioner

---

[1] In his memorandum in support of his Motion to Vacate, Petitioner references his January 7, 2001, and February 5, 2001, offenses. It appears to the Court that Petitioner must be referencing his January 7, 2001, and June 5, 2001, state court convictions.

now raises in the instant Motion to Vacate. (Case No. 3:06cr448, Doc. No. 19: Sent'g Mem.; Doc. No. 30: Sent'g Tr. at 9-13). As such, counsel's representation was not deficient.

Second, the United States Court of Appeals for the Fourth Circuit specifically ruled that "the district court did not err in counting [Petitioner's] offenses separately in calculating his criminal history category." Thorne, 318 F. App'x at 171.[2] Thus, Petitioner's Guidelines arguments are without merit, and he cannot establish Strickland prejudice. Moreover, the Fourth Circuit's holding renders Petitioner's claims defaulted, for issues fully litigated on direct appeal may not be relitigated in a subsequent § 2255 action. See Boechenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976).

The Court's initial review of the Petitioner's Motion to Vacate and the relevant record evidence conclusively shows that Petitioner cannot establish that he received ineffective assistance of counsel. Therefore, Rule 4(b) of the Rules Governing Section 2255 Proceedings requires this Court to dismiss the instant Motion to Vacate.

**III. CONCLUSION**

**IT IS, THERREFORE, ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. No. 1) is **DENIED** and **DISMISSED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must

---

[2] Application Note 10 to § 2K2.1 of the United States Sentencing Guidelines states that for purposes of applying § 2K2(a)(1), felony convictions that receive criminal history points under § 4A1.1(a), (b), or (c) are counted.

demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong) (citing <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)).

**SO ORDERED**.

Signed: September 17, 2010

Robert J. Conrad, Jr.
Chief United States District Judge