# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:06-cr-448-MOC

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| vs. | ) |
| | ) **ORDER** |
| **JERONZA THORNE,** | ) |
| | ) |
| Defendant. | ) |
| | ) |

**THIS MATTER** comes before the Court on Defendant's pro se Letter Motion for Compassionate Release/Reduction of Sentence/Response to Order. (Doc. No. 56). Defendant, an inmate at FCI Allenwood in White Deer, Pennsylvania, seeks a reduction of his sentence based on the COVID-19 pandemic.

Title 18, Section 3582(c)(1)(A)(i) authorizes criminal defendants to request compassionate release from imprisonment based on "extraordinary and compelling reasons." But before doing so, they ask the Bureau of Prisons to do so on their behalf and give the Bureau thirty days to respond. See United States v. Raia, No. 20-1033, 2020 WL 1647922, at *1 (3d Cir. Apr. 2, 2020). Defendant filed a prior motion for compassionate release with the Court, and the Court denied it for failure to first seek administrative relief from BOP. Defendant now brings this second motion, arguing that he has submitted two compassionate release requests to BOP, but that BOP has not responded. He has attached a response to one request from BOP dated May 12, 2020, in which the BOP advised him that "should file a request or appeal according to policy. You should file a request or appeal at the appropriate level via regular procedure." While the Court is sympathetic to Defendant's frustration, it appears he may have used an incorrect procedure in submitting the requests in the first instance. The Court, therefore, denies Defendant's request for compassionate

release at this time so he may submit another request to BOP, and hopefully the BOP will respond this time. If the BOP refuses to respond to Defendant compassionate release requests, thus wrongfully denying his right to seek compassionate release, Defendant should then file a petition under 28 U.S.C. § 2241 in his district of confinement based on the BOP's wrongful denial of his right to raise his compassionate release claim.[1]

In sum, the Court denies Defendant's motion.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's pro se Letter Motion for Compassionate Release/Reduction of Sentence/Response to Order, (Doc. No. 56), is **DENIED** without prejudice.

Signed: May 28, 2020

Max O. Cogburn Jr.
United States District Judge

---

[1] To be clear, Defendant's argument is not that this Court should overturn a decision by BOP to deny his compassionate release request. Indeed, this Court most likely has no such authority. See Brown v. Inch, No. 18-CV-221 (JNE/LIB), 2018 WL 2108254, at *2 (D. Minn. Mar. 29, 2018) ("Courts have generally concluded that the BOP's decision to deny compassionate release is judicially unreviewable."), report and recommendation adopted, No. 18-CV-221 (JNE/HB), 2018 WL 2108202 (D. Minn. May 7, 2018). Rather, Defendant seems to be arguing that BOP is simply refusing to address his request in the first instance.